1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOREEN F.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C20-5599-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

13     Plaintiff appeals the ALJ's decision finding her not disabled. Dkt. 15. The ALJ found

14  fibromyalgia, migraines, cervical spine degenerative disc disease and major depressive disorder

15  are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light

16  work with additional limitations; and Plaintiff cannot perform past work but is not disabled

17  because she can perform other jobs. Tr. 18-29. Plaintiff contends the ALJ harmfully

18  misevaluated the opinions of Kenneth Bakken, D.O., her testimony, and her husband's

19  testimony. For the reasons below, the Court **REVERSES** the Commissioner's final decision and

20  **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. §

21  405(g).

22                                   **DISCUSSION**

23     The Court may set aside the Commissioner's denial of Social Security benefits only if the

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 1

1    ALJ's decision is based on legal error or not supported by substantial evidence in the record as a

2    whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

3         **A.     Medical Evidence**

4         Kenneth Bakken, D.O., treated Plaintiff between February 2016 and October 2018 and

5    prepared two medical source statements on October 22, 2018. Tr. 799-804. The ALJ discounted

6    Dr. Bakken's opinion that plaintiff  "could perform sedentary work with occasional handling and

7    fingering" and "would miss four or more days of work a month," on the grounds "they appear to

8    be largely based on the claimant's self-reports and are inconsistent with and unsupported by

9    contemporaneous treatment notes showing that the claimant's symptoms had significantly

10   improved with multidisciplinary treatment." Tr. 26.

11        An ALJ may only reject the contradicted opinion of a treating or examining doctor by

12   giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

13   Plaintiff argues the ALJ erred in finding her symptoms had improved, contending she

14   "consistently report[ed] significant levels of pain, headache, and fatigue." Dkt. 15 at 15. The

15   record supports Plaintiff's assertion. *See, e.g.*, Tr. 381 (treatment note from April 5, 2016, noting

16   "average pain level" of 6/10, "light headaches," and "constant" fatigue); Tr. 362 (treatment note

17   from May 4, 2016, noting "average pain level" of 6/10, headaches, and "tired all the time"); Tr.

18   353 (treatment note from June 8, 2016, noting "average pain level" of 7/10, "several episodes of

19   intermittent headaches," and "exhausting" fatigue); Tr. 342 (treatment note from July 12, 2016,

20   noting "average pain level" of 6/10, "intermittent" headaches, and "daily" fatigue); Tr. 337

21   (treatment note from August 3, 2016, noting "average pain level" of 6/10, headaches, and

22   "exhausted all the time"); Tr. 334 (treatment note from August 23, 2016, noting "overall pain

23   level" of 7.5/10, headaches, and "extreme" fatigue); *see also, e.g.*, Tr. 446 (physical therapy

1    treatment note from March 8, 2016, noting "best" pain level is 5/10 when resting and "worst" is

2    8/10 when performing an activity); Tr. 464 (physical therapy treatment note from April 18, 2016,

3    noting the same); Tr. 488 (physical therapy treatment note from May 20, 2016, noting "pain

4    levels have remained unchanged since starting therapy, continuing to range from 5/10 to 8/10").

5    The ALJ's conclusion Plaintiff's symptoms "significantly" improved with treatment is thus not

6    supported by substantial evidence and the ALJ erred by discounting Dr. Bakken's opinion on this

7    ground. *See Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (an ALJ "cannot simply pick

8    out a few isolated instances" of medical evidence that support her conclusion, but must consider

9    those instances in the broader context "with an understanding of the patient's overall well-being

10   and the nature of her symptoms.").

11        Plaintiff also argues the ALJ erroneously discounted Dr. Bakken's opinions as reliant

12   upon Plaintiff's self-reports. Dkt. 15 at 15. Contrary to the ALJ's finding, Dr. Bakken noted he

13   administered a tender point examination and Plaintiff had "at least 11 of 18 tender points." Tr.

14   801. The Ninth Circuit has held an ALJ errs "by effectively requiring objective evidence for a

15   disease that eludes such measurement," *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)

16   (cleaned up), and "tender-point examinations themselves constitute 'objective medical evidence'

17   of fibromyalgia," *Revels* 874 at 663 (citing SSR 12-2P).

18        In sum, the ALJ accordingly erred in discounting Dr. Bakken's opinions. The error was

19   harmful because the RFC determination failed to account for all limitations assessed by the

20   doctor.

21        **B.    Plaintiff's Testimony**

22        Where, as here, an ALJ determines a claimant has presented objective medical evidence

23   establishing underlying impairments that could cause the symptoms alleged, and there is no

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 3

1    affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

2    symptom severity by providing "specific, clear, and convincing" reasons supported by

3    substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

4         The ALJ first discounted Plaintiff's testimony about her physical impairments, as

5    inconsistent with the medical evidence. Tr. 24. However, because Dr. Bakken's opinion must be

6    reassessed, as described above, so too must Plaintiff's testimony relating to her physical

7    impairments. The ALJ also discounted Plaintiff's testimony relating to her mental impairments,

8    depression and anxiety. Tr. 25. Plaintiff does not challenge the ALJ's treatment of this portion of

9    her testimony, and the Court therefore will not disturb the ALJ's finding as it relates to her

10   mental impairments.

11        **B.     Lay Witness Testimony**

12        An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v.*

13   *Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff's husband testified about limitations

14   caused by Plaintiff's physical conditions, i.e., that she is in pain all the time and that her pain can

15   make her forgetful. Tr. 27. The ALJ rejected Plaintiff's husband's testimony on the grounds that

16   it is not consistent with the medical evidence. *Id.*  However, because the ALJ erred in

17   discounting Dr. Bakken's opinions, the ALJ on remand must necessarily reassess Plaintiff's

18   husband's statements.

19                                    **CONCLUSION**

20        The Court finds the ALJ harmfully erred. Plaintiff contends that the proper remedy is a

21   remand for calculations of an award of benefits. Remand for benefits should be ordered only in

22   the rare case and this is not such a case. Here, the opinions of Dr. Bakken, plaintiff and her

23   husband must be reweighed. This is a task reserved to the commissioner and a task the Court

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 4

1   declines to undertake on appeal. The Court accordingly concludes that remand for further

2   proceedings is appropriate in this case.

3        Accordingly, the Commissioner's decision is **REVERSED,** and this case is

4   **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

5   On remand, the ALJ shall reassess Dr. Bakken's opinions, Plaintiff's testimony concerning her

6   physical impairments, and the lay witness testimony; develop the record and redetermine

7   Plaintiff's RFC as needed and proceed to step-five as appropriate.

8        DATED this 5th day of March 2021.

9

10                                         _____
                                           BRIAN A. TSUCHIDA
11                                         Chief United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 5